UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:19-CV-00538

| | |
|---|---|
| EMILIO ZEPEDA CORDOVA and WALTER MONTANO LOPEZ, <br><br> Plaintiffs, <br><br> v. <br><br> SAM'S MART, LLC d/b/a SAM'S MART previously known as SAM'S MART, INC., SAM'S MART II, LLC d/b/a SAM'S MART, and SAMI I. NAFISI as owner, president and manager of Sam's Mart, LLC and Sam's Mart II, LLC, <br><br> Defendants. | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

Plaintiffs Emilio Zepada Cordova ("Zepeda Cordova") and Walter Montano Lopez ("Montano Lopez"), by and through undersigned counsel, complains of Defendants Sam's Mart, LLC, Sam's Mart II, LLC, and Sami I. Nafisi (collectively, "Sam's Mart Defendants") and alleges the following:

## NATURE OF ACTION

1. On June 1, 2019, the Sam's Mart Defendants, through their managers, employees, and agents, repeatedly refused to serve Plaintiffs at their public convenience store, gas station, and car wash. Instead, the Sam's Mart Defendants demanded identification to prove Plaintiffs were United States citizens. When Plaintiffs presented a passport, driver's license, green card, and social security card in response to the Sam's Mart Defendants' unlawful, discriminatory request, the Sam's Mart Defendants refused service stating, "this is not legal."

2. Upon information and belief, the Sam's Mart Defendants, through their managers, agents, and employees, refused to serve Plaintiffs at Defendants' place of public accommodation wholly based on Plaintiffs' race, color, ethnicity, or ancestry. Accordingly, Plaintiffs bring this civil action to assert their rights under 42 U.S.C. § 2000a *et seq.* and 42 U.S.C. § 1981, and seek monetary damages, attorneys' fees, and injunctive relief for the Sam's Mart Defendants' unlawful, discriminatory conduct.

## PARTIES

3. Plaintiff Walter Montano Lopez is a resident of Mecklenburg County, North Carolina. Plaintiff Emilio Zepeda Cordova is a resident of Guilford County, North Carolina.

4. Defendant Sam's Mart, LLC, is a limited-liability company organized and existing under the laws of the State of North Carolina with its principal place of business in Mecklenburg County, North Carolina.

5. Defendant Sam's Mart II, LLC, is a limited-liability company organized and existing under the laws of the State of North Carolina with its principal place of business in Mecklenburg County, North Carolina.

6. Upon information and belief, Defendant Sami I. Nafisi is the owner, manager and president of Sam's Mart, LLC, and Sam's Mart II, LLC, and resides in Mecklenburg County, North Carolina.

7. Upon information and belief, Sam's Mart, LLC and Sam's Mart II, LLC own and operate Sam's Mart Store No. 105 having an address of 9308 Steele Creek Rd., Charlotte, NC 28273 ("SAM'S MART"). *See* Exhibit A, Sam's Mart, https://samsmartinc.com/locations (Sam's Mart Store 105 is last to appear on a list of locations on Sam's Mart's Website after entering the city "Charlotte, NC" when searching for Sam's Mart locations) (last visited October 15, 2019).

- 2 -
Case 3:19-cv-00538-MOC-DSC   Document 1   Filed 10/15/19   Page 2 of 8

## JURISDICTION & VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343; and 42 U.S.C. § 2000a-6.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Mecklenburg County, North Carolina, where Plaintiff Walter Montano Lopez resides and where the Sam's Mart Defendants operate the establishment at issue in this action.

## BACKGROUND

10. On or about June 1, 2019, Plaintiffs Emilio Zepeda Cordova and Walter Montano Lopez visited the SAM'S MART at 9308 Steele Creek Rd., Charlotte, NC 28273. Plaintiffs entered SAM'S MART intending to purchase gas and three drinks – two juices and one alcoholic beverage.

11. At the time Plaintiffs entered SAM'S MART, there were what appeared to be three employees working in the public establishment and approximately eleven customers.

12. Plaintiffs selected three beverages from the SAM'S MART cooler and approached the counter to purchase the items. When the Plaintiffs approached the counter, the cashier requested identification. Plaintiff Zepeda Cordova provided his Central American passport. In response, the cashier refused to sell Plaintiffs the drinks or the gas. Instead, the cashier rejected the validly issued passport and demanded Plaintiffs provide "proof of legal citizenship."

13. Plaintiffs were shocked, embarrassed, and humiliated by the discriminatory request but went out to their vehicle to obtain the requested documentation.

14. In addition to Zepeda Cordova's passport, Plaintiffs provided Montano Lopez's North Carolina issued driver's license, and his United States' issued green card and social security

card to the SAM'S MART cashier. In response, the SAM'S MART employees working refused to serve Plaintiffs and stated, "this is not legal." When Plaintiffs persisted, the Sam's Mart cashier repeatedly yelled, "I want to see United States ID" and then instructed Plaintiffs to leave.

15. After the SAM'S MART employees refused to serve Plaintiffs and instructed them to leave the store, Plaintiff Montano Lopez contacted the police department. Shortly thereafter, a police officer arrived.

16. When the police officer entered the parking lot of SAM's MART, the cashier who refused to serve Plaintiffs removed her SAM'S MART nametag, walked outside of the store, and sat in her vehicle in the store parking lot. Upon information and belief, the cashier avoided speaking with the police officer because she knew her repeated refusal to serve Plaintiffs was discriminatory and unlawful.

17. The officer who arrived at SAM'S MART informed Plaintiffs there was nothing that could be done at that time but advised Plaintiffs to post the story on the internet.

18. Upon information and belief, the SAM'S MART employees, agents, and/or managers working at SAM'S MART that day refused to serve Plaintiffs based wholly on Plaintiffs' race, ethnicity, color, and ancestry.

19. At all relevant times, the SAM'S MART employees, managers, and/or agents were acting under the supervision and control of the Sam's Mart Defendants.

20. The Sam's Mart Defendants conduct has been willful and wanton and in total disregard for Plaintiffs' well-being, particularly in light of the following: (1) Plaintiffs are Lawful Permanent Residents (green card holders) of the United States and North Carolina; (2) Plaintiffs were instructed to and did provide validly issued identification to purchase gas, two non-alcoholic beverages and one alcoholic beverage; and (3) regardless of the fact that identification is not

required to purchase gas and juice, the identification Plaintiffs provided are acceptable forms of identification to purchase alcohol under North Carolina Law. *See* Exhibit B, ABC Quick Guide, https://portal.abc.nc.gov/Public%20Web%20Documents/Divisions/Education/Publications/7.%20Guides%20and%20Brochures/ABC%20Quick%20Guide%20Overview%20of%20NC%20ABC%20Laws,%20Rules,%20and%20Information.pdf *17 (Acceptable Forms of Identification to purchase alcohol include a North Carolina driver's license and a passport issued by any nation) (last visited October 15, 2019).

## FIRST CLAIM FOR RELIEF
## VIOLATION OF 42 U.S.C. § 1981

21. Plaintiffs reallege and incorporate each and every one of the above allegations herein by reference.

22. The Sam's Mart Defendants, acting through their managers, employees, and agents, intentionally violated 42 U.S.C. § 1981 by illegally discriminating against Plaintiffs by denying them the full and equal enjoyment of SAM'S MART'S services and facilities by refusing to serve Plaintiffs, while serving Caucasians.

23. The Sam's Mart Defendants, acting through their managers, employees, and agents, discriminated against Plaintiffs because of their perceived race, color, ethnicity, or ancestry.

24. The Sam's Mart Defendants' actions caused Plaintiffs to suffer a deprivation of their right to make and enforce contracts.

25. Plaintiffs are members of a protected class in regard to their race, color, ethnicity, or ancestry. They are Salvadorans.

26. The Sam's Mart Defendants, acting through their managers, employees, and agents, deviated from their normal business practice in refusing to serve Plaintiffs while serving Caucasian customers.

27. Plaintiffs made themselves available to receive and pay for goods and services ordinarily provided by the Sam's Mart Defendants to all members of the public in a manner in which the goods are ordinarily provided.

28. The Sam's Mart Defendants, acting through their managers, employees, and agents, unlawfully discriminated against Plaintiffs because of their race, ethnicity, color, and ancestry in that: a) they treated Plaintiffs in a markedly hostile manner which a reasonable person would find objectively offensive; b) they treated similarly situated Caucasian persons differently; c) they did not refuse to do business with similarly situated Caucasian persons; and d) they did not demand similarly situated Caucasian persons to provide "proof of legal citizenship."

29. The acts and omissions committed by the Sam's Mart Defendants, by and through their managers, employees and agents, were willful, wanton, oppressive, intentional, conscious, and malicious and in deliberate disregard of Plaintiffs' civil rights.

30. As a direct and proximate result of the Sam's Mart Defendants' actions, by and through their managers, employees, and agents, Plaintiffs have suffered humiliation, embarrassment, and inconvenience justifying injunctive relief and monetary relief in conformity with 42 U.S.C. § 1981 *et seq.*

### SECOND CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 2000a

31. Plaintiffs reallege and incorporate each and every one of the above allegations herein by reference.

32. SAM'S MART is a place of public accommodation under the meaning of 42 U.S.C. § 2000a.

33. The operation of SAM'S MART affects interstate commerce within the meaning of 42 U.S.C. § 2000a.

34. By the actions described in this Complaint, the Sam's Mart Defendants, by and through its managers, employees, and agents, have denied the Plaintiffs, because of their race, the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a place of a public accommodation in violation of 42 U.S.C. § 2000a.

35. But for the Sam's Mart Defendants' discriminatory conduct, the Plaintiffs could, and would, visit SAM'S MART in the future.

36. As a proximate result of the actions of the Sam's Mart Defendants as described in this Complaint, Plaintiffs have suffered, continue to suffer and will continue to suffer great and irreparable loss and injury including, but not limited to humiliation, embarrassment and mental anguish justifying relief in conformity with 42 U.S.C. § 2000a.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a trial by jury and seek the following relief:

a. Judgment be entered in favor of Plaintiffs and against the Sam's Mart Defendants, jointly and severally, finding the Sam's Mart Defendants' actions violated 42 U.S.C. § 1981 and 42 U.S.C. § 2000a.

b. A permanent injunction barring the Sam's Mart Defendants from continuing to engage in illegal discriminatory conduct against Plaintiffs and other Salvadorans who might visit SAM'S MART in the future;

c. A permanent injunction directing the Sam's Mart Defendants to take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

d. That Plaintiffs have and recover damages in an amount in excess of $25,000, to

be determined at trial;

e. That Plaintiffs have and recover pre- and post-judgment interest on such award from the Sam's Mart Defendants, jointly and severally, to the extent the law allows;

f. That Plaintiffs have and recover their reasonable attorney's fees to the extent the law allows;

g. That Plaintiffs recover punitive damages;

h. That the costs of this action be taxed against the Sam's Mart Defendants, jointly and severally; and

i. Any other relief the Court deems just and proper.

Dated: October 15th, 2019

Respectfully submitted,

**Weaver, Bennett & Bland, P.A.**

By: *Abbey M. Krysak*
Matt Villmer NC Bar No. 48239
Abbey M. Krysak NC Bar No. 46281
196 N. Trade St.
Matthews, NC 28105
mvillmer@wbbatty.com
akrysak@wbbatty.com
Tel: (704) 844-1400
Fax: (704) 845-1503
*Counsel for Plaintiffs*