IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EMILIO ZEPEDA CORDOVA and WALTER MONTANO LOPEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>LSAA LLC and SAM'S INVESTMENTS V LLC,<br><br>    Defendants. | Case No. 3:19-CV-00538-MOC-DSC<br><br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER** |

THIS MATTER comes before the Court for entry of this Consent Protective Order. Having considered the terms of the Order and noting the parties' consent to be bound by same, the Court FINDS and CONCLUDES that good cause warrants the entry of the Order pursuant to Fed. R. Civ. P. 26(c).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. **Scope.** This Consent Confidentiality and Protective Order ("Order") governs the use of all produced documents, responses to interrogatories and responses to requests for admissions, deposition transcripts, and any other information, document(s), or object(s) which have been or will be produced or received by any party during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes, and summaries thereof or derived therefrom. These materials are collectively referred to herein as "Discovery Materials."

Nothing contained in this Order shall restrict the rights of any party to Discovery Materials that were created by, or through no unlawful means or activities were sent or received by, that Party prior to or outside the context of this litigation, subject to

any applicable privileges or immunities, and consistent with the Federal Rules of Civil Procedure..

2. **"CONFIDENTIAL" Material Defined.** Any Discovery Materials produced by any producing party or third party which are deemed in good faith by the producing party or third party to contain confidential and/or proprietary information may be designated "CONFIDENTIAL" pursuant to Paragraph 4 of this Order. Counsel shall only designate documents "CONFIDENTIAL" judiciously, in good faith, and when counsel deems it necessary to protect the client's or clients' interests. The designation by any producing party or third party of any discovery material as "CONFIDENTIAL" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a valid basis for such designation. Certain Discovery Material may be designated "CONFIDENTIAL" under the terms of this Order if such party in good faith believes that such "CONFIDENTIAL" discovery material contains confidential business or proprietary information, sensitive financial, banking, or tax information, highly sensitive personal information, Individually Identifiable Health Information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), or information that is required to be kept confidential due to preexisting legal or contractual obligations.

3. For the purposes of this Order, a "Designating Entity" is any party to this litigation that is producing information or documents in discovery in this action, as well as any third party who is producing the material pursuant to a subpoena.

4. **Use of Designated Material.** All Discovery Materials produced in this action shall be used only for the prosecution or defense of this action and shall not be used or employed for any business or competitive purpose or any other purpose whatsoever. Nothing in this Order shall

prevent any party from producing any document or information in its possession to another person in response to a subpoena or compulsory process; provided, however, that if any party receives such a subpoena or compulsory process seeking production or other disclosure of Discovery Materials, that party shall give immediate written notice within ten business days and, in any case, before the time for compliance with the subpoena or compulsory process expires to the counsel for the Producing Party, identifying the Discovery Materials and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. It shall be the responsibility of such producing party who originally designated the documents as Confidential Discovery Material to obtain relief from the subpoena or order prior to the due date of compliance, and the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

5. **Procedure for Designating Material.** A Designating Entity shall designate documents and testimony as "CONFIDENTIAL" in the following manner:

a. In the case of documents or other written materials, by affixing the word "CONFIDENTIAL" by stamp or other method which will make such words conspicuous, to each page of the document the party wishes to designate; or

b. In the case of electronic data, including but not limited to information produced on a hard drive, cd-rom, dvd-rom, thumb drive or other electronic media ("medium of production"), by providing written notice to the party requesting the production identifying the material being designated as "CONFIDENTIAL." To the extent possible, the Designating Entity shall also label the medium of production with the appropriate designation. However, any failure or inability to affix such label to the medium of production shall not waive any protection provided by the Order.

c. In the case of depositions or other pretrial testimony in this action, by designating any portion or all of a deposition as "CONFIDENTIAL" by notifying the other parties on the record during the deposition, or alternatively, such party may designate information by notifying all the parties in writing, within ten days of the receipt of the deposition transcript, of the specific pages and lines of the transcript which are to be regarded as "CONFIDENTIAL." The parties shall automatically treat all information disclosed at a deposition as "CONFIDENTIAL" for ten days after receipt of the transcript.

d. In the case of written discovery or pleadings, by affixing the word "CONFIDENTIAL" by stamp or other method to the portions so designated.

e. Any party may designate discovery materials produced by any third party pursuant to a subpoena as "CONFIDENTIAL" by so informing all other parties and the producing third party. Unless otherwise stated in writing, the parties shall automatically treat all information disclosed in response to a subpoena as "CONFIDENTIAL" for ten days after the delivery of the documents to all parties.

f. The parties shall confer if any party challenges the "CONFIDENTIAL" designation before moving the Court to remove such designation.

g. Third parties producing documents or other material pursuant to a subpoena in this case may also designate such documents or materials as "CONFIDENTIAL" pursuant to this Order but a third-party's failure or omission to do so does not waive the parties' right to designate the discovery materials as "CONFIDENTIAL."

6. **Permissible Disclosure of "CONFIDENTIAL" Material.** Except as otherwise agreed by the Designating Entity or as ordered by the Court, material designated as

"CONFIDENTIAL" may not be disclosed, directly or indirectly, in whole or in part, in words or substance, except during the court of this case and only to and among the following persons:

  a. Counsel of record for the parties in this case and his/her partners, associates, secretaries, legal assistants, employees, and litigation support vendors to the extent reasonably necessary to render professional services in the case;

  b. The Court;

  c. Court officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

  d. The author of the document and each recipient of a copy of the document, only insofar as the author or recipient is identified on the face of the document;

  e. The parties in this case, including any employees, to the extent reasonably necessary to assist with the prosecution or defense of this case;

  f. Any other person as to whom all parties may agree in writing;

  g. Subject to the limitations below, any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

  h. Subject to the limitations below, parties in this case (including employees of such parties) noticed for depositions or designated as trial witnesses, or those whom counsel of record in good faith expect to testify at deposition or trial in this action, only to the extent reasonably necessary in preparing to testify;

  i. Subject to the limitations below, outside consultants or outside experts in this case, including their support personnel, retained for the purpose of assisting counsel of record or inside counsel of the parties in this case or to serve as an expert witness in this case;

j.  Subject to the limitations below, any mediator selected with the consent of all parties or as appointed by the Court; and

k.  The parties shall obtain from any individual to whom disclosure is to be made under subparagraphs (e) or (h) above a signed Acknowledgment of Protective Order, attached hereto as Exhibit A, prior to such disclosure. Counsel providing access to such material shall retain copies of the executed Acknowledgments.

7.  **Unintentional Disclosures.**  The parties agree that in the event that the producing party unintentionally fails to designate materials hereunder, such party may make such a designation subsequently by notifying all persons and parties to whom such materials were produced, in writing, within ten days of the producing party first discovering such unintentional disclosure. In no event, however, may a producing party designate or re-designate unintentionally produced materials within four days prior to trial. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated materials as "CONFIDENTIAL" material subject to their right to dispute such designation in accordance with Paragraph 8. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notification.

With regard to privileged information or documents, nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for an unintentional disclosure of matter protected by privilege or work product protection. If a party or non-party unintentionally produces matter that it in good faith later asserts to be privileged or otherwise protected from disclosure, the production of that matter will not constitute a waiver of any applicable privileges or other protection, provided the producing party or non-party complies with this paragraph. In such circumstances, the producing party or

- 6 -

PPAB 5507231v1.docx

non-party must, promptly after discovery of the unintentional production, notify in writing all parties to the Action in which the matter was unintentionally produced of the unintentional production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the unintentionally produced privileged or protected matter.  Upon such notification, the parties shall treat the matter as privileged or protected unless and until the parties agree otherwise or the Court determines the matter is not privileged or protected.  Within five (5) business days of receiving such notification, all receiving parties shall (a) return the matter to the producing party or non-party, or (b) confirm in writing to the producing party or non-party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate, or reveal matter claimed to be privileged or protected, unless the receiving party challenges the privileged nature of the document(s), in which case the producing party shall be entitled to make an application to the Court for the return of the document(s).  While such application is pending, counsel for the receiving Party shall not use or disclose the contents of such document(s) except to the Court under seal.  Such return shall not be deemed an admission or concession regarding any claimed privilege or protection.  The unintentional production of any privileged or otherwise protected materials alone shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege, the protection afforded to work-product materials, the confidentiality protection of this Order, or the subject matter thereof.

8. **Designation of Material in Depositions, Filings, and Trial.**  In the event that Confidential material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, appendices, or exhibits to briefs, or any other paper filed with this Court, such material shall be filed under seal and kept under seal by the Clerk of this

- 7 -

PPAB 5507231v1.docx

Court until further Order of this Court, provided, however, that the papers shall be furnished to the Court and counsel of record for the parties, and a duplicate copy with the Designated Material redacted shall be placed in the public record.

All Designated Material filed with or submitted to the Court shall be conspicuously marked "**CONFIDENTIAL MATERIAL PURSUANT TO COURT ORDER**" prior to filing or submission and shall be accompanied by a written request that the material be placed under seal. In the event that any party intends to use Designated Materials in any hearing on this matter, such party shall so inform all other parties in writing at least three business days in advance of such hearing, and the parties shall seek assistance from the Court in protecting the confidentiality of such materials pursuant to this Court's local rules and procedure. Following the close of discovery and prior to trial, the parties shall seek the assistance of the trial court in protecting the confidentiality of Designated Materials at trial and also pursuant to this Court's Local Rules and procedure. In the event a party intends or attempts to use any "CONFIDENTIAL" materials at trial, the party attempting to use such materials shall disclose to all the other parties which materials it intends to use at least one trial day before the materials will be used or otherwise submitted to the Court. Other than the limitations otherwise stated herein, nothing in this Order shall be construed to limit the evidence that any party may offer at hearing or at trial, nor shall it be construed to limit any claim or defense of any party.

9. **Relief from Protective Order.** This Order shall be without prejudice to the right of any party to oppose production of any information on any ground, except confidentiality.

Any party may at any time request, in writing, from any Designating Entity the removal of a designation of documents, material, information, or things as "CONFIDENTIAL." Upon receipt of such request, the parties shall confer in good faith as to the status of the subject information. In

the parties are unable to agree upon the status of the subject information, any party may, upon reasonable notice to the opposing party's counsel, move for an Order relieving them of the provisions of this Order for good cause shown to be determined by the Court, or may, upon reasonable notice, challenge a designation by motion to the Court. In such instances, the Designating Entity shall bear the burden of establishing that the challenged documents, material, information, or things are entitled to protection under this Protective Order. Until the Court enters an Order changing the designation, such material shall be subject to the restrictions initially assigned to it and provided for it in this Protective Order. The parties hereto retain the right to apply to the Court for an order affording additional protection to any material produced herein as the circumstances may warrant.

10. This Order shall not be construed to prevent any party from making use of or disclosing information that was lawfully obtained by such party independent of discovery in this litigation, whether or not such material is also obtained through discovery in this litigation, or from disclosing its own Confidential Discovery Material as it deems appropriate, subject to its obligations to produce said information to the other party under the Federal Rules of Civil Procedure.

11. **Non-Termination.** This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order. Within forty-five days after the final conclusion of this case, all Designated Material shall, upon request of the Designating Entity, be either destroyed or returned to that entity.

Notwithstanding any of the foregoing, the parties' counsel may retain any privileged attorney work product they have created which incorporates designated material on the condition

that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Order.

12. **Non-waiver.** The parties' consent to the terms of this Order shall neither constitute nor be construed as a waiver of any party's objections to the use or admissibility in this action of any documents designated pursuant to this Order.

13. This Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

**SO ORDERED**.

Signed: March 24, 2020

_____
David S. Cayer
United States Magistrate Judge

STIPULATED AND AGREED TO:

FOR PLAINTIFFS:

**Weaver, Bennett & Bland, P.A.**
196 North Trade Street
Matthews, North Carolina 28105
Telephone: (704) 844-1400
Facsimile: (704) 845-1503
mvillmer@wbbatty.com
akrysak@wbbatty.com


By:   /s/Abbey M. Krysak
Matthew M. Villmer [48239]
Abbey M. Krysak [46281]
*Attorneys for Plaintiffs*


FOR DEFENDANTS:

**Parker Poe Adams & Bernstein L.L.P.**
401 S. Tryon Street, Suite 3000
Charlotte, NC 28202
Tel: (704) 335-9008
Fax:  (704) 334-4706
jamifarris@parkerpoe.com
jessicadixon@parkerpoe.com


By:    /s/ Jami J. Farris
Jami J. Farris [26915]
Jessica C. Dixon [36719]
*Attorneys for Defendants*

# **EXHIBIT A**

       I, _____, hereby attest to my understanding that Discovery Materials are being provided to me pursuant to the terms and conditions and restrictions of the Consent Confidentiality and Protective Order respecting Confidentiality of Discovery Materials in the action pending in the United States District Court for the Western District of North Carolina, Case Number 3:19-CV-00538, titled, "Emilio Zepeda Cordova and Walter Montano Lopez v. LSAA, LLC and Sam's Investments V, LLC" (the "Order"); that I have been given a copy of and have read the Order and have had its meaning and effect explained to me by one or more of the attorneys representing the Parties in the case; and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with the Order, any Confidential Materials, including notes or other memorandum or writings with the contents of Confidential Materials contained in them, that such information or documents shall be used only in connection with the above-captioned matter, and that I will not make any copies in any form of such information. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this action. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to the same sanctions, including sanctions by way of contempt of Court, imposed by the Court for such failure. Further, I agree to subject myself to the jurisdiction of the Court issuing the Order, in and for any contempt proceedings or other appropriate sanctions as the Court may deem proper for violation of this Order.

 

_____
Signed

_____
Printed

Subscribed and sworn before me this
Day of _____, 20___
_____
Notary Public
My Commission Expires:_____